MAINE SUPREME JUDICIAL COURT                          Reporter of Decisions
Decision:      2013 ME 20
Docket:        Yor-12-407
Submitted
 On Briefs:    January 31, 2013
Decided:       February 14, 2013

Panel:         ALEXANDER, LEVY, SILVER, <u>MEAD</u>, GORMAN, and JABAR, JJ.

ROBERT GOUDREAU et al.

v.

PINE SPRINGS ROAD AND WATER, LLC

MEAD, J.

[¶1]  Pine Springs Road and Water, LLC (Pine Springs) appeals from a judgment of the Superior Court (York County, *Fritzsche, J.*) declaring that the phrase "majority vote" in 23 M.R.S. § 3101(5) (2012)[1] means a majority of those subdivision lot owners physically present or represented by proxy at a road association meeting, not a majority of all lot owners whether present or not.  We affirm the judgment.

---

[1]  Title 23 M.R.S. § 3101(5) (2012) provides, in part:

> The owners of parcels of land benefited by a private road, private way or bridge at a meeting called pursuant to [23 M.R.S. § 3101(2)] may choose a commissioner or board, to be sworn.  By a majority vote, the owners may determine what repairs and maintenance are necessary and the materials to be furnished or amount of money to be paid by each owner for repairs and maintenance.

## I. BACKGROUND

[¶2]  This is the second time these parties have been before us.  In *Goudreau v. Pine Springs Rd. & Water*, we vacated the judgment of the Superior Court after holding that Robert Goudreau and five other Pine Springs subdivision lot owners (the lot owners) were authorized by statute to begin the process of forming a road association.  2012 ME 70, ¶ 27, 44 A.3d 315.

[¶3]  After receiving our mandate, the Superior Court issued an order requiring the parties to submit a proposed judgment.  The resulting proposal asked the court to answer four questions originally posed in the amended complaint.  Only the fourth question is at issue here: "[D]oes the word 'majority' used in 23 M.R.S.A. § 3101(5) refer to a majority of all owners, both present and absent; or only to a majority of those owners physically present at the meeting and present by proxy[?]"  Given two alternatives, the court, without elaboration, selected this answer: "The word 'majority', as used in 23 M.R.S.A. § 3101(5), requires only a majority vote of those owners physically present at the Meeting and those present by the proxy vote authorized by 23 M.R.S.A. § 3101(4)."

[¶4]  Pine Springs did not move for further findings.  This appeal followed.

## II. DISCUSSION

[¶5]  The sole issue on appeal is a pure question of statutory interpretation that we decide de novo.  *Fuhrmann v. Staples the Office Superstore E., Inc.*,

2012 ME 135, ¶ 23, --- A.3d ---. The first step in that analysis is to determine whether section 3101(5) is ambiguous given its plain language and the context of the whole statutory scheme. *Id.* The statute is ambiguous "if it is reasonably susceptible to different interpretations." *Id.*

[¶6] There are persuasive indications in the statutory scheme of which section 3101(5) is a part that the Legislature meant a majority of those present or represented by proxy when it said that "[b]y a majority vote, the owners may determine" actions to be taken at a road association meeting. 23 M.R.S. § 3101(5). Title 23, subchapter 2, governing private ways, twice refers to road repair and maintenance actions taken by a majority of owners "at a meeting," not to actions taken by a majority of owners eligible to vote at a meeting. *See* 23 M.R.S. §§ 3101(5), 3103 (2012). If the Legislature intended to require that a majority of all lot owners vote in favor of a measure's adoption at a road association meeting, it could have done so easily using the same language it did in 2009 when it specified that a road association, once formed, has continuing authority "until the association is dissolved *by a majority vote of its members*." P.L. 2009, ch. 239, § 2 (effective Sept. 12, 2009) (codified at 23 M.R.S. § 3101(4-A) (2012)) (emphasis added). Although a road association cannot be dissolved except by a majority vote of all member lot owners, *id.*, the Legislature did not impose the same requirement

4

on the immediately-following provision, which requires only "a majority vote" "at a meeting" to transact road association business, 23 M.R.S. § 3101(5).

[¶7] Nevertheless, the phrase "by a majority vote," absent clarifying language (i.e. "of those present or represented" or "of its members"), is "reasonably susceptible to different interpretations" and is therefore ambiguous. *Fuhrmann*, 2012 ME 135, ¶ 23, --- A.3d --- (quotation marks omitted). Accordingly, we "look beyond the plain language of the statute and the context of the whole statutory scheme to indicia of legislative intent such as the statute's history and its underlying policy." *Id.* (quotation marks omitted).

[¶8] Prior to 2008, section 3101 made no reference to "a majority vote." It provided, like now, that three or more owners could call a meeting, and specified: "When so assembled, *they* . . . may determine what repairs are necessary and the materials to be furnished or amount of money to be paid by each owner for the repairs and the manner of calling future meetings." 23 M.R.S. § 3101 (2007) (emphasis added). No provision was made for proxy voting. This language, coupled with the absence of proxy voting, strongly suggests that the power to transact business rested with those owners actually attending the meeting.

[¶9] In 2008, the Legislature considered a bill that would eventually repeal section 3101 and replace it with a substantially revised version. L.D. 2102 § 1

(123d Legis. 2007); *see* P.L. 2007, ch. 625, § 1 (effective July 18, 2008). The bill summary stated that it

> amends the laws pertaining to road associations formed under the private ways laws by allowing them to make assessments using any method they choose that is endorsed by a majority vote at a duly held meeting. . . . The bill establishes a quorum that is necessary to hold a meeting and to vote on issues at the meeting.

L.D. 2102, Summary (123d Legis. 2007). The proposed quorum requirement referred to in the summary provided: "A quorum for the transaction of business at all meetings held pursuant to this section is 50% of all votes, including proxies and absentee ballots." L.D. 2102 § 1, ¶ 3 (123d Legis. 2007).

[¶10] Had the quorum requirement remained in the final legislation, then the issue before us would be easily resolved in the lot owners' favor, because the specification of a quorum is unnecessary if a majority of all possible votes is already required. The analysis becomes more difficult because the quorum requirement originally proposed was removed in committee without explanation. Comm. Amend. A to L.D. 2102 § 1, No. H-818 (123d Legis. 2007). However, the provision for proxy voting, which was not present in the pre-2008 version of section 3101, was preserved in the amended bill. *Id*.

[¶11] There are two plausible explanations for removing the requirement of a quorum while maintaining proxy voting. As discussed above, one explanation is that the Legislature intended that "a majority vote" mean a majority of all lot

6

owners, making a quorum requirement unnecessary. Owners unable to attend the meeting could vote by proxy, but a road association meeting would be powerless to conduct any business if a majority of all lot owners were not present or represented. Under this scenario, sufficient passive disinterest by lot owners, rather than significant opposition to a proposed measure, would be enough to prevent action. The second explanation is that the Legislature decided not to increase the number of votes necessary to pass a motion at a road association meeting from a simple majority of those present—the requirement in the pre-2008 version of section 3101—to a majority of a 50% quorum, and so it removed the quorum requirement from the final language. Possibly as a compromise to allow for expanded voting, the possibility of proxy voting was kept so that absent but interested owners could be represented at the meeting if they wished.

[¶12] For several reasons, the second explanation is the stronger of the two. First, it maintains, absent clear legislative intent to the contrary, the voting requirements in the pre-2008 version of section 3101. *See* 23 M.R.S. § 3101 (2007). Second, the title of the law replacing the pre-2008 version is "An Act To Allow Road Associations To Determine Assessments According to Majority Vote *Cast at a Duly Held Meeting.*" P.L. 2007, ch. 625 (emphasis added).[2]

---

[2] Section 3101 has since been amended twice more; neither amendment affects the issue presented in this appeal. *See* P.L. 2009, ch. 238, §§ 1-2; P.L. 2009, ch. 239, §§ 1-3.

*See E.I. Du Pont de Nemours & Co. v. State Tax Assessor*, 675 A.2d 82, 86 (Me. 1996) ("Section headings in a statute may serve as an intrinsic aid to interpreting a statute and ascertaining the intention of the Legislature."). Third, the bill's author testified to the Joint Standing Committee on Transportation that "[t]he essence of the bill is to allow the local road association to determine at the local level what is deemed appropriate to the majority of *the folks present voting.*" Testimony of Rep. L. Gary Knight on L.D. 2102 (123d Legis. 2007) before the Joint Standing Committee on Transportation (Jan. 29, 2008) (emphasis added). Fourth, the final language enacted refers to "a majority vote" taken "at a meeting," 23 M.R.S. § 3101(5), not "a majority vote of [road association] members," *id.* § 3101(4-A). Finally, the retention of proxy voting is a logical compromise between allowing a measure to pass with only a majority of those owners physically present at a meeting and requiring passage by a majority of a 50% quorum or a majority of all lot owners.

[¶13] On whole, the plain language of section 3101(5), the statutory scheme of which it forms a part, and the legislative history discussed above lead us to conclude that "a majority vote" as used in section 3101(5) means a majority vote of lot owners actually present or represented by proxy at a properly called road association meeting. The Superior Court did not err in so declaring.

The entry is:

Judgment affirmed.

---

**On the briefs:**

John P. McVeigh, Esq., Preti Flaherty, LLP, Portland, for appellant Pine Springs Road and Water, LLC

Thomas G. Van Houten, Esq., Springvale, for appellees Robert Goudreau, Catherine Goudreau, Wilfred Taylor, Marylu Taylor, Jean Campbell, and Robert Campbell